UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALVARO DAVID DURAN LINAREZ,

Petitioner,

v. Case No.: 2:26-cv-02697-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are Alvaro David Duran Linarez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Duran Linarez is a native and citizen of Venezuela who entered the United States on August 12, 2022, and encountered U.S. Customs and Border Patrol. Officials served Duran Linarez with a notice to appear and released him under an order of recognizance. Duran Linarez complied with all terms of release, applied for asylum, and obtained employment authorization, a social security number, and a Florida driver's license. He lives in Florida with his wife and children—including one U.S. citizen child—and has no criminal history.

On November 3, 2025, a Border Patrol agent arrested Duran Linarez due to his immigration status. At a custody redetermination hearing on January

7, 2026, Immigration Judge Jose A. Rivera-Ortiz determined he lacked jurisdiction to release Duran Linarez on bond under *Matter of Yajure Hurtado*, 29 I. &. N. Dec. 216 (BIA 2016). In Duran Linarez's first habeas action, U.S. District Judge Donald Middlebrooks ordered the government to afford him an individualized bond hearing. On February 25, 2026, Immigration Judge Michael Walleisa denied bond because Duran Linarez failed to prove he is not a danger or risk of flight. At a third hearing on March 4, 2026, Judge Walleisa again denied bond because Duran Linarez did not prove he is not a risk of light. Judge Walleisa declined to reconsider release on May 29, 2026, because he found no material change in circumstances. On July 20, 2026, an immigration judge ordered Duran Linarez removed to Venezuela. Duran Linarez appealed the removal order, so it is not administratively final.

Duran Linarez has filed two prior habeas petitions. As mentioned above, Judge Middlebrooks granted the first and ordered a bond hearing. Duran Linarez's second petition challenged the resulting bond hearing. This Court denied the second petition because it does not have jurisdiction to review an immigration judge's discretionary bond decision. *See* 8 U.S.C. § 1226(e).

Duran Linarez argues his continued, prolonged detention violates the Due Process Clause of the Fifth Amendment. In response, the government again raises § 1226(e). But this time, Duran Linarez does not challenge an immigration judge's discretionary bond decision. Instead, he raises a bona fide

due process claim. § 1226(e) does not strip the Court of jurisdiction to consider bona fide constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510 (2003).

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Duran Linarez's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Duran Linarez's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Duran Linarez's detention now exceeds eleven months and could continue indefinitely—the record contains no timetable for a decision from the Board of Immigration Appeals—raises new constitutional concerns. But under the status quo, Duran Linarez has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d

Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Duran Linarez without presenting a justification. Remember: Judge Rivera-Ortiz denied bond on jurisdictional grounds, and Judge Walleisa put the burden on Duran Linarez to prove he is not a flight risk or danger to the community. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Duran Linarez before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Duran Linarez

receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Alvaro David Duran Linarez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Duran Linarez for an individualized bond hearing before an immigration judge or (2) release Duran Linarez under reasonable conditions of supervision. If the respondents release Duran Linarez, they must give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida, on October 15, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record